UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZAKIAH RAHMAN | * | CIVIL ACTION NO. |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | JUDGE: |
| TRISURA SPECIALTY INSURANCE | * | |
| COMPANY, TRUENORTH | * | |
| TRANSPORTATION COMPANY, | * | |
| AND COREY AHLBERG | * | |
| Defendants. | * | MAGISTRATE: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Corey Ahlberg ("Ahlberg"), pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, files this Notice of Removal of the above-captioned case from the 23rd Judicial District Court for the Parish of Ascension, where it is now pending, to the United States District Court for the Middle District of Louisiana. This removal is predicated upon this Honorable Court's jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PROCEDURAL HISTORY

### I.

Plaintiff, Zakiah Rahman, is a citizen of the State of Louisiana. Plaintiff filed a lawsuit on August 26, 2022, in the matter styled *Zakiah Rahman v. Trisura Specialty Insurance Company, TrueNorth Transportation Company, and Corey Ahlberg,* in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, No. 134,669 in which the Plaintiff asserts causes of action against the Defendants stemming from injuries allegedly caused in a motor vehicle accident.

II.

Pursuant to 28 U.S.C. § 1447(b), attached to this Notice of Removal as **Exhibit A** is a copy of all pleadings filed in the state court suit.

III.

The state court action was commenced on August 3, 2022.

IV.

On September 30, 2022, Plaintiff filed an "Affidavit of Service of Process Pursuant to the Louisiana Long Arm Statute LSA-R.S. 13:3201 *et seq*." ("Affidavit"), attached as **Exhibit B**, which states that a copy of the Petition and citation were mailed via certified mail to Ahlberg at 4418 Talon Loop in Lakeland, Florida 33812.

V.

However, Plaintiff's attempted service via the Louisiana Long Arm Statute was deficient because the address is incorrect, therefore Ahlberg never received a copy of the Petition and citation.[1]

VI.

Louisiana Revised Statute 13:3201 allows a court to exercise personal jurisdiction over a nonresident in an action such as the one before us. See La. R.S. 13:3201. Additionally, Louisiana Revised Statute 13:3204 states the following:

> In a suit under R.S. 13:3201, a certified copy of the citation ... and of the petition ... shall be sent by counsel for the plaintiff ... to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state ...[2]

---

[1]   *See* Declaration of Corey Ahlberg.
[2]   *Wood v. Hackler*, 52,791 (La. App. 2 Cir. 8/14/19), 276 So. 3d 1136, 1140, writ denied, 2019-01469 (La. 12/10/19), 285 So. 3d 490.

VII.

Just as personal jurisdiction over residents cannot be maintained without valid personal or domiciliary service, personal jurisdiction over non-residents is dependent upon strict compliance with the long-arm statute's procedural requirements.[3] Logically, a necessary requirement for proper long-arm service is that the petitioner sends the certified citation and petition to the actual, correct address of the defendant.[4]

VIII.

In this case, Plaintiff attempted to serve Ahlberg on September 1, 2022 at his old address, 4418 Talon Loop in Lakeland, Florida 33812. Ahlberg moved from that residence in December of 2021.[5]

IX.

Although the certified mail receipt is signed, the signature is not Ahlbergs.[6] To date, Ahlberg has not received notice or a copy of the Petition and citation      from    Plaintiff    via certified mail, or otherwise.[7]

X.

Accordingly, Plaintiff's attempted service was deficient and service of process on Ahlberg has not been perfected.

XI.

Removal of a case is timely if the notice of removal is filed within thirty days of service

---

[3]   *Clay v. Clay*, 389 So. 2d 31, at 37 (La. 1979).
[4]   *Wood v. Hackler*, 52,791 (La. App. 2 Cir. 8/14/19), 276 So. 3d 1136, 1140, citing *Folse v. St. Rose Farms, Inc*., 14-436 (La. App. 5 Cir. 11/25/14), 165 So. 3d 104; *Dukov v. 701 Corp*., 95-1310 (La. App. 4 Cir. 1/19/96), 668 So. 2d 379.
[5]   See Declaration of Corey Ahlberg, attached as **Exhibit C.**
[6]   *Id.*
[7]   *Id.*

of the initial pleading on the defendant.[8] However, even if the thirty-day clock has not started to run, removal is proper if a defendant is able to show why the case is removable.[9]

### XII.

Here, Ahlberg has not been properly served with the initial pleading. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed before receiving service of the initial pleading and within one (1) year of the commencement of the suit in state court.

### DIVERSITY JURISDICTION—CITIZENSHIP OF THE PARTIES

### XIII.

This suit is removable to this Court under and by virtue of 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### XIV.

For purposes of diversity jurisdiction, the parties are citizens of the following states:

a.      Plaintiff, Zakiah Rahman, is a citizen of the State of Louisiana.

b.      Trisura Specialty Insurance Company is incorporated in Oklahoma and has its principal place of business in Oklahoma.

c.      TrueNorth Transportation Co. is a wholly owned subsidiary of TrueNorth Technologies, Inc., a Delaware Corporation with its principal place of business in California.  TrueNorth Transportation Co. is a Delaware Corporation with its principal place of business in Texas.

---

[8]   *Alford v. Chevron U.S.A. Inc.*, No. CIV.A. 13-5457, 2014 WL 37600, at *2 (E.D. La. Jan. 6, 2014), citing 28 U.S.C. § 1446(b).
[9]   *Ragusa v. Louisiana Ins. Guar. Ass'n*, 573 F. Supp. 3d 1046, 1052 (E.D. La. 2021), citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. Mar. 7, 1995).

XV.

Therefore, because the Plaintiff is a citizen of the State of Louisiana and the Defendants are citizen of the State of Oklahoma, Delaware and Texas, complete diversity exists under 28 U.S.C. § 1332.

XVI.

Venue for removal is appropriate within the Middle District of Louisiana because the matter is being removed from the 23rd Judicial District Court for the Parish of Ascension, a court which the Middle District of Louisiana embraces.

### DIVERSITY JURISDICTION—AMOUNT IN CONTROVERSY

XVII.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[10]

XVIII.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[11]

XIX.

Because Article 893 of the Louisiana Code of Civil Procedure prohibits a plaintiff from pleading a specific dollar amount of damages, no specific dollar amount is provided in the Plaintiff's Petition.  For purposes of removal, however, it is facially apparent from the Petition

---

[10] *Grant v. Chevron Phillips Chem. Co*., 309 F.3d 864, 868 (5th Cir. 2002).
[11] *Id*. quoting *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

for Damages that the amount in controversy exceeds $75,000, exclusive of interest and costs.

XX.

Plaintiff alleges that Defendant caused the collision at issue in the lawsuit. Plaintiff seeks damages including:

1. Physical pain and suffering (past, present and future);

2. Mental anguish (past, present and future);

3. Loss of enjoyment of life (past, present and future);

4. Disfigurement and disability;

5. Medical Expenses (past, present and future);

6. Lost Wages/Earnings (past, present and future);

7. Property Damages;

   *Exhibit A*. at ¶ 9.

XXI.

Plaintiff's medical records show that an MRI taken after the date of the incident revealed a cervical disc bulge.[12] Plaintiff's medical records also show that she treated at Total Care Injury & Pain Centers for injuries allegedly sustained in the accident for at least 6 months at a cost of at least $3,990.00.[13] Additionally, upon information and belief, Plaintiff continues to treat for injuries allegedly related to the accident, including undergoing at least one epidural steroid injection.

---

[12]   See Plaintiff's medical record from BR Spine Diagnostic Pain and Treatment Center attached as **Exhibit D.**
[13]   See Plaintiff's limited medical billing records from Total Care Injury & Pain Centers, attached as **Exhibit E.**

XXII.

General damage awards for cervical spinal disc injuries that do not require surgical intervention can range from $75,000 to $150,000,[14] which does not factor in Plaintiff's claims for medical expenses, lost wages, and property damage.

XXIII.

While the removing Defendant does not admit the underlying facts alleged by the Plaintiff and denies liability to the Plaintiff, the Plaintiff's allegations, and information obtained to date, establish that the amount in controversy exceeds $75,000.

XXIV.

Additionally, in accordance with 28 U.S.C. § 1146(2)(A), Trisura Specialty Insurance Company and TrueNorth Transportation Co. consent to the removal of this action.[15]

**WHEREFORE**, Defendant, Corey Ahlberg, prays that this Notice of Removal be filed in accordance with applicable law, that it be deemed good and sufficient, and that the above-captioned matter filed in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, be removed to this Honorable Court for determination as provided by law, and that this Court enter such orders and issue process as may be proper to bring before it copies of all records and proceedings from the 23rd Judicial District Court for the Parish of Ascension and thereupon proceed with this civil action as if it had originally commenced in this Honorable Court.

**[SIGNATURE ON NEXT PAGE]**

---

[14] *Herbert v. Boesch*, 2015-1791 (La. App. 1 Cir. 2016), 194 So.3d 798 (Plaintiff awarded $75,000 in general damages after suffering multiple spinal disc injuries following an automobile accident); see also *Peoples v. Fred's Stores of Tennessee, Inc.*, 2009-1270 (La.App. 3 Cir. 06/02/10), 38 So.3d 1209) (Plaintiff awarded $85,000 in general damages after suffering cervical disc herniation that was treated conservatively);  see also *Hoang v. Thorton Servs., Inc.*, 2015-0749 (La.App. 4 Cir. 04/27/16), 192 So.3d 864 (Plaintiff awarded $150,000 in general damages for cervical injuries that resulted in conservative treatment).
[15]    **Exhibit F.**

Respectfully submitted,

 */s/ David M. Moragas*
**DAVID M. MORAGAS (#29633)**
**LAUREN A. WILLIAMS (#37917)**
**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70448
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
dmoragas@gallowaylawfirm.com
lwilliams@gallowaylawfirm.com
*Counsel for Corey Ahlberg*

## CERTIFICATE OF SERVICE

I certify that on October 14, 2022, this document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

 */s/ David M. Moragas*
David M. Moragas